Judgment rendered December 18, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,015-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

NGOC TROUNG                                    Plaintiff-Appellant

versus

MARCUS DEWAYNE SANDERS            Defendants-Appellees
AND OLD AMERICAN
INDEMNITY, COMPANY

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 642,960

Honorable Christopher T. Victory, Judge

* * * * *

RICE & KENDIG, LLC                             Counsel for Appellant
By: William F. Kendig, Jr.

TANNER & JUSTICE                               Counsel for Appellees
By: William H. Justice
    E'Vinski Davis

* * * * *

Before STONE, THOMPSON, and ELLENDER, JJ.

**THOMPSON, J.**

In a matter of first impression, the insurance company of the at-fault driver refused to pay the total costs of repair of a vehicle, instead taking a deduction for "betterment" for the fractional difference of tread wear for a new tire replacing a used tire and of a portion of the exhaust system. After approving all the repairs and estimates, the insurance company deducted from its payment to the repair shop a credit it calculated of $313.79 for betterment. When the not-at-fault driver arrived to obtain his vehicle, the repair shop refused to release his vehicle until he paid the $313.79 balance owed. After his attorney provided the necessary funds to retrieve his vehicle, the driver filed suit claiming the insurance company was not entitled to take a betterment credit from him, as he has no contractual agreement with the insurance company. The driver also argued the insurance company was in bad faith for unilaterally taking a credit for betterment and not fully repairing the damage caused by the accident to his vehicle. The trial court determined that betterment was allowed under Louisiana law, and therefore concluded the insurance company did not act in bad faith. For reasons more fully detailed below, we reverse the decision of the trial court and find that betterment, in this instance, is not permitted under Louisiana law, that the insurance company acted in bad faith when it took a credit for betterment, and hereby award the driver the penalty afforded by La. R.S. 22:1982(I).

### FACTS AND PROCEDURAL HISTORY

On January 21, 2023, at approximately 1:37 PM, Marcus Dewayne Sanders ("Sanders") rear-ended Ngoc Troung's ("Troung") 2019 Honda CR-V on North Market Street in Shreveport, Louisiana. Sanders' automobile

carrier was Old American Indemnity Company ("Old American"), which provided coverage for his 2008 Honda Accord involved in the collision. The liability insurance policy insuring him was in full force and effect at the time of the collision. The record establishes that Troung did not cause or contribute to the collision in any way. As a result of the collision, the exhaust system and components of the drive assembly of Troung's vehicle were damaged, and the vehicle was inoperable. On February 2, 2023, Troung's vehicle was submitted for repairs. At the same time, Troung rented a replacement car, which he maintained until the repairs on his vehicle were completed on March 16, 2023.

The parties stipulated that liability for this collision rested solely with Sanders. An initial estimate was prepared, and four supplemental estimates were approved by Old American's adjuster, Chad Rogers. The repairs were timely approved, performed, and completed by March 16, 2023. Old American did not dispute the costs of the necessary repairs. However, when it came time to issue payment to the mechanic who undertook the repairs, Old American failed to tender the full amount of the agreed upon repairs – $7,109.48. Instead, Old American withheld $313.79, claiming "betterment" for the replacement of the muffler, exhaust system pipes, and front wheel drive components. This failure to pay for the actual costs of the repairs came as a surprise to Troung. The repair shop refused to release the vehicle to Troung until he paid the balance of $313.79. In order to obtain his vehicle from the repair shop, Troung's attorney paid the $313.79 betterment amount, when Troung reportedly could not afford the charge. From March 16 through March 22, 2023, Troung's attorney communicated with

2

representatives of Old American and advised them that betterment was not provided for under Louisiana law. Old American maintained that their betterment credit was permitted and refused to pay the full amount of the damages Troung's vehicle sustained.

On March 23, 2023, Troung filed a petition for damages to recover the full costs of repairing the damage caused to his vehicle through no fault of his own, which amounted to the $313.79 payment required to be made to retrieve his vehicle. Troung alleged that Louisiana law does not provide for betterment and does not permit a liability insurer to withhold any amounts from the full amount of money required to repair the damages caused to a tort victim's vehicle. Troung denies he received anything better than he had before, and if he did, he neither requested nor wanted it. Troung asserted that a refusal to pay the full amount of required repairs is arbitrary, capricious, and without probable cause; therefore, Old American would be subject to penalties.

Chad Rogers, the claims adjuster for Old American, provided deposition testimony about how he arrived at the calculations of the two items in question that were replaced with newer parts. Rogers explained as follows:

> Old American took $131.95 in betterment. That is a 50% betterment on the cost of the tire only, including tax, and we arrived at that from the tire tread depth gauge showing 5/32 of an inch tread remaining. Standard tread depth on a passenger vehicle tire is 11/32 when brand-new, so this was approximately ½ of the tread remaining on the tire, so we applied the 50% betterment.
>
> ***
>
> [F]or the intermediate pipe, which is referred to on here as the muffler and pipe, we took $130.38. That is a betterment of 23%.

3

> For the rear muffler itself, we took $51.46, which again is 23%. We arrived at that based on the calculation of the mileage on the vehicle at the time of loss versus an expected life expectancy of 200,000 miles for wearable mechanical components.

Wesley Staley, Rogers' supervisor at Old American, also provided deposition testimony about betterment credits and testified that they were a common practice in the insurance industry. Both Rogers' and Staley's depositions were offered and admitted into evidence at the trial on the issue of betterment.

On November 21, 2023, a bench trial was held. The parties stipulated all pertinent facts, and issues of liability and damages were resolved prior to trial. The issue at trial was whether Troung and his insurance company could shave the costs of repairs for which they are responsible by forcing Troung, the injured party, to pay a portion of the actual repair costs, because the insurance company has independently determined Troung is now better off than before the accident. 32/100's of an inch of tire tread and a portion of the exhaust system are not something an ordinary party would perceive as an improvement or betterment. We note the record is devoid of any testimony or evidence that Troung desired anything other than to be made whole and to have the damage inflicted on his vehicle be repaired at no expense to him. Pursuant to the agreement of all parties, the matter was submitted to the court without live testimony, but with the presentation of evidence, including the deposition testimony of Rogers and Staley, and oral arguments. At the conclusion of the brief trial, the trial court found that betterment is allowed under Louisiana law. The trial judge stated that there are no statutes, case law, or insurance codes or regulations prohibiting betterment. The trial judge also noted that there is no express prohibition

against betterment as to third parties. The trial judge ruled that betterment was allowed in this case, and the betterment deductions made by Old American were permissible.

On February 2, 2024, the trial court signed a written judgment, quoting the language from his oral ruling at the conclusion of the trial. The judgment stated that betterment is allowed under Louisiana law, and that the deduction for betterment in the amount of $313.79 taken by Old American against Troung's property damage was allowed.

On July 18, 2024, this Court determined that the February 2, 2024 judgment did not contain the proper decretal language. On July 25, 2024, the trial court issued an amended judgment, finding as follows:

1. Plaintiff's objections to the depositions of Chad Rogers and Wesley Staley, based on relevance, are DENIED.

2. Plaintiff's objections to introduction of the excerpts from the depositions of Chad Rogers and Wesley Staley, based on qualifications, are DENIED.

3. The Court finds that "betterment" as that term is used to establish a credit against the amount due the tort victim by the tortfeasor in third-party automobile property damage claims, is allowed under Louisiana law;

4. The Court finds that "betterment" as that term is used to establish a credit against the amount due the tort victim by the tortfeasor in third-party automobile property damage claims, was appropriately applied by defendant, Old American Insurance Company […] in this case.

5. The Court finds that the amount of betterment credits in the amount of $313.79, taken by the defendant, Old American Insurance Company […] against plaintiff's stipulated property damages were appropriate in this case;

6. Plaintiff's claims for bad faith under La. R.S. 22:1973(A) and 1973(B)(1) against Old American Insurance Company, are DENIED;

5

7.  Plaintiff's claims for penalties under La. R.S. 22:1973(C) against Old American Insurance Company, are DENIED.

Troung now appeals.

## DISCUSSION

Troung asserts five assignments of error. The first assignment of error pertains to the concept of betterment. Assignments of error numbers two, three, and four pertain to whether Old American acted in bad faith by misrepresenting its entitlement to a betterment credit; we will consider those assignments of error together. Assignment of error number five pertains to the evidentiary ruling of the trial court regarding the testimony of Old American's claims adjusters.

**Assignment of Error No. 1: The trial court erred as a matter of law concluding betterment is an available offsetting credit under Louisiana tort law and may be used by third party tortfeasors to reduce a plaintiff's recovery of the full costs of repairs in contravention of La. C.C. art. 2315.**

Troung's arguments regarding bad faith are based on the now repealed statute La. R.S. 22:1973. However, effective July 1, 2024, the pertinent language of those penalty provisions and the enumerated duties of insurers transferred and were incorporated into the newly enacted La. R.S. 22:1892(I).

Troung urges that he is entitled to a de novo review because the trial court made an error of law in its finding that betterment is permitted in a third party tort damage claim. When a trial court applies incorrect legal principles, and these errors materially affect the outcome of a case and deprive a party of substantial rights, legal error occurs. *Evans v. Lungrin*, 97-0541 (La. 2/6/98), So. 2d 731. Where one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer

6

applicable, and, if the record is otherwise complete, the appellate court should make its own independent de novo review of the record. *Id.*; *Buckner v. Berry*, 55,832 (La. App. 2 Cir. 7/17/24), --- So. 3d---, 2024 WL 343716; *Singleton v. Singleton*, 51,476 (La. App. 2 Cir. 6/21/17), 224 So. 3d 1134.

Troung correctly notes that betterment in the third party context is a matter of first impression for this court. We must determine whether or not betterment within the context of a third party tort-based property damage claim is provided for by Louisiana law. We note at the outset that betterment is not expressly provided for in Louisiana statutory or case law in the context of a third party tort-based property damage claim.

Troung describes betterment as the concept that a tortfeasor is entitled to a credit against the damages it owes in the event the tort victim's position is improved by repairs to his damaged property. Troung explains that his tire had worn tread at the time of the wreck, and it was replaced with a new tire. Additionally, the muffler and intermediate exhaust pipe were replaced with new items. Troung asserts that Old American erroneously reasoned they were entitled to prorate a reduction of the repair costs due to wear and tear of those replaced items. These are not modifications Troung was interested in pursuing prior to the accident, and only due to the nature of the automobile repair industry and safety standards, an exact replacement to the millimeter of tread depth or extent of exhaust pipe use could never be accomplished.

Troung notes only two Louisiana cases discussing betterment credits, both involving first party contract claims. In *Eaves v. Norwel, Inc.*, 570 So. 2d 123 (La. App. 3 Cir. 1990), *writs denied*, 572 So. 2d 93, 575 So. 2d 375

7

(La. 1991), Eaves owned a John Deere manufactured bulldozer; John Deere was also the first party property insurer. John Deere refused to pay the total repair costs, arguing that the insurance contract itself provided for a betterment credit if Eaves was in a better position after the repairs than before it was damaged. The trial court denied the betterment claim in that case, because there was no proof of betterment, and the tractor had basically the same value after the repairs as it did before.

Similarly, in *Littleton v. Colonial Pac. Leasing Corp.* 35,777 (La. App. 2 Cir. 5/8/02), 818 So. 2d 283, *writ denied*, 02-1876 (La. 10/25/02), 827 So. 2d 1155, an insurance policy was issued by John Deere. John Deere had amended its policies pursuant to *Eaves, supra*, to include a credit for depreciation. The plaintiff argued that the reduction taken by John Deere was in theory a betterment credit, not a depreciation credit. The Court rejected the notion that a credit was taken on the theory of betterment and found that the credit was based on contractually agreed depreciation, which was provided for and specifically defined *in the policy*.

Troung argues that the *Littleton* court rejected the notion that there was a general betterment principle, in favor of evaluating a case based on the language of the insurance policy at issue. Troung argues that under Louisiana case law, a betterment or depreciation credit only exists if it is clearly and unambiguously included in the policy language. Troung argues third party tort claims are not controlled by the language of a policy between the tortfeasor and the insurer; third party claims are controlled only by La. C.C. art. 2315. We agree.

La. C. C. art. 2315 provides:

A. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.

B. Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person. Damages do not include costs for future medical treatment, services, surveillance, or procedures of any kind unless such treatment, services, surveillance, or procedures are directly related to a manifest physical or mental injury or disease. Damages shall include any sales taxes paid by the owner on the repair or replacement of the property damaged.

We acknowledge that there is no statutory or jurisprudential basis that expressly prohibits betterment. La. C. C. art. 2315 does not contain a betterment prohibition. There is also no directive from the Louisiana Department of Insurance prohibiting betterment in a third (or first) party context. Yet, Louisiana public policy provides that *all* costs caused by the tortfeasor are to be repaired or paid by the tortfeasor. The Louisiana legislature addressed a similar concept with amendments to La. C. C. art. 2315 in 2001. Those amendments overruled *State Farm Mut. Auto. Ins. Co. v. Berthelot,* 98-1011 (La. 4/13/99), 732 So. 2d 1230, and provided that a tort victim must be restored to the position he occupied just prior to the tort, which includes the payment of all sales tax with the purchase of a comparable vehicle. Similarly in this case, Old American was liable for *all* of the damages occasioned by the tortfeasor's negligence, which was a vehicle with four functioning tires and a functioning exhaust system. Troung did not enter a contract with Old American; the at-fault driver, Sanders, did. To pass an insurer's betterment credit off to an injured third party, who did not contract with the insurer and has no negotiating power

9

with that insurer, does not align with the clear language of La. C. C. art. 2315.

There is no doubt that insurance companies across this and every state are seeking ways to keep repairs and expenses associated with claims to a minimum. This court recognizes the difficulty Louisiana drivers have in obtaining affordable insurance coverage. However, the insured is legally bound to repair the damage it has caused. The insurance company is contractually bound to its insured. The source of recovery of an insurance company for any perceived improvement embedded in a claim may be from its insured, not the injured party who most likely would have preferred to avoid the inconvenience and aggravation of the accident and repair process altogether. Assessing the party not at-fault with unavoidable costs is not proper, especially considering these allegedly better items were neither desired nor requested by the injured party, and do not increase the value of the vehicle in any meaningful way. Accordingly, we find that Troung's first assignment of error has merit and reverse the trial court's finding that betterment is allowed under Louisiana law for third-party tort actions.

**Assignment of Error No. 2:** The trial court erred as a matter of law in failing to find that Old American misrepresented that it was entitled to take a credit for betterment in this third party tort action as contemplated by La. R.S. 22:1973(A) and (B)(1).

**Assignment of Error No. 3:** The trial court erred as a matter of law in failing to find Old American acted in bad faith when it misrepresented that it was entitled to take a credit for betterment in this third party tort action and intentionally withholding the full amount of the plaintiff's undisputed vehicle repair costs.

**Assignment of Error No. 4:** The trial court erred as a matter of law in failing to award a penalty of $5,000.00, pursuant to La. R.S. 22:1973(C).

10

Louisiana statutory law provides that insurance carriers owe duties to third party claimants. The current version of La. R.S. 22:1892 provides the duties owed by insurers to third parties, as well as applicable penalties that were previously contained in La. R.S. 22:1973.

La. R.S. 22:1892 provides, in pertinent part:

> (A)(2) All insurers issuing any type of contract […] **shall pay the amount of any third party property damage claim** and of any reasonable medical expenses claim due any bona fide third party claimant within thirty days after written agreement of settlement of the claim from any third party claimant.
>
> ***
>
> (I)(1)(a) An insurer […] owes to its insured a **duty of good faith and fair dealing**. The insurer has an **affirmative duty to adjust claims fairly and promptly** and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer that breaches the duties of this Subsection shall be liable for any proven economic damages sustained as a result of the breach. For claims not involving loss to an insured's immovable property, the **insured may be awarded penalties in an amount not to exceed fifty percent of the damages sustained or five thousand dollars, whichever is greater**, together with attorney fees and costs actually incurred due to the breach. Any penalty for breach of a duty imposed by this Subsection based solely upon a failure to pay the amount of any claim due to any person insured by the contract within the period provided by law following receipt of satisfactory proof of loss shall be awarded only if the breach is found to be **arbitrary, capricious, or without probable cause**.
>
>> (2) Any one of the following acts, if knowingly committed or performed by an insurer or representative of the insurer, constitutes a breach of the insurer's duties imposed in Paragraph (1) of this Subsection:
>>
>> (a) A misrepresentation of pertinent facts or insurance policy provisions relating to any coverages at issue. (Emphasis added.)

Troung argues that Old American misrepresented that it was entitled to a credit for betterment for the repair of the muffler, intermediate pipe, and

left tire with new parts, and knowingly short-changed him the total costs of repairing the damaged vehicle. Troung argues that an insurer's obligation to adjust claims in good faith, promptly, and fairly, was violated by Old American knowingly taking a credit for betterment. Troung asserts that adjusting claims fairly includes the duty to follow the applicable law in this state regarding tort-based damages owed by insurers, whether they are the insured or a tort claimant.

Troung notes that in this case, the $313.79 credit taken by Old American was the difference between him being able to get his repaired car out of the repair shop or not. Counsel for Troung paid the difference to mitigate Troung's damages and obtain the release of his vehicle. Troung argues that payment of most, but not all, of what was due did not comply with the insured's duty to fairly and promptly adjust his property damage claim.

The trial court determined that betterment was allowed in Louisiana; therefore, there could be no bad faith by Old American. The trial court held that the insurer did not commit bad faith and dismissed the plaintiff's claim with prejudice. La. R.S. 22:1892(I), like the prior penalty provision of La. R.S. 22:1973, now provides that an insurer has an affirmative duty to adjust claims fairly and promptly. The record shows that the insurer was aware of the full costs of repairs and approved all estimates provided by the repair shop, never indicating to Troung that he would somehow have to participate in assisting Sanders and Old American in repairing the damage caused by Sanders. However, when the repair was complete and it was time for Troung to obtain his vehicle, Old American for the first time asserted its

entitlement to a betterment credit. Old American's assertion at that moment that it was entitled to $313.79 in betterment credits rendered Troung incapable of obtaining his own vehicle that had been damaged through no fault of his own. Additionally, Old American refused to tender the amount necessary for the repairs it had authorized.

Troung was not aware of the $313.79 charge until he tried to retrieve his vehicle. By forcing Troung to pay for the betterment credit, a credit Old American calculated itself without any input from Troung, while previously approving all damage repair estimates, amounts to a knowing misrepresentation of pertinent facts. Old American suggests that taking a betterment deduction is not specifically prohibited. Troung suggests taking a betterment deduction is not specifically authorized. Old American can point to no declaratory judgment action to support its position and cost-savings effort; the matter is now presented to a court for a judicial determination on the issue. Old American's confidence in its self-serving, cost-saving actions at the expense of the innocent driver, we conclude, are misplaced.

Accordingly, we find these assignments of error have merit. Old American did act in bad faith in failing to repair the damage caused by its insured and is therefore liable for the damages sustained as a result of the breach of his duty of good faith, which include the $313.79 paid on behalf of Troung, as well as the penalty of $5000, as provided in La. R.S. 22:1892(I)(1)(A).

**Assignment of Error No. 5: The trial court erred as a matter of law admitting the depositions of Wesley Staley and Chad Rogers further allowing said witnesses to testify regarding "the insurance industry standard practices" and Louisiana law.**

13

Troung argues that the trial court abused its discretion in overruling his objections to the admission of the depositions of Wesley Staley and Chad Rogers. Troung argues the trial court erroneously admitted irrelevant portions of the depositions, as well as portions of the depositions relating to expert legal opinions. Troung asserts that an industry standard, or the use of betterment in the state of Texas, does not supersede or create law in Louisiana. Troung argues that the relevant issue before the court is: "what is Louisiana law on this issue?" Therefore, what the industry standard provides is irrelevant to the issue. Troung argues that there is not a discernible, consistent industry standard for betterment claims. Troung also notes that neither Staley nor Rogers is a licensed Louisiana claims adjuster or an expert in Louisiana insurance claims adjustment.

Old American argues that by asserting a claim of bad faith, Troung placed all of the subject testimony at issue before the court. Old American argues that the testimony of Rogers (and his direct supervisor, Staley) is entirely relevant to the estimates and offset for betterment. Also, Rogers and Staley's understanding of the industry standard is entirely relevant to the issue of a credit for betterment. Specifically, Rogers' testimony assisted the trial court in understanding what betterment is, how it was calculated, and how it was applied in this case.

The trial court is granted broad discretion in its evidentiary rulings, which will not be disturbed on appeal absent a clear abuse of discretion. *Fields v. Walpole Tire Serv.*, LLC, 45,206 (La. App. 2 Cir. 5/19/10), 37 So. 3d 549, *writ denied*, 10-1430 (La. 10/1/10), 45 So. 3d 1097. On appeal, this court must consider whether the complained-of ruling was erroneous and

14

whether the error affected a substantial right of the party. *Fields, supra.* The determination is whether the error, when compared to the record in its entirety, has a substantial effect on the outcome of the case, and it is the complainant's burden to so prove. If there is no substantial effect on the outcome, then a reversal is not warranted. *Fields, supra; Crisler v. Paige One, Inc.*, 42,563 (La. App. 2 Cir. 1/9/08), 974 So. 2d 125.

We find that the trial court did not abuse its discretion in admitting the deposition testimony of Rogers and Staley. Their depositions were the only evidence available to the trial court in making its determination. As noted above, the parties agreed to submit the matter to the court without live testimony, but with the presentation of evidence and oral arguments. The deposition testimony was certainly relevant; Rogers – who worked directly on the claim – explained his understanding of what betterment was, explained how he calculated the betterment credit, and how he applied betterment to Troung's case. While we ultimately disagreed with his application of betterment, without the deposition testimony, there would have been no relevant evidence for the trial court or for this Court to consider. Accordingly, we find this assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, we reverse the decision of the trial court and find that an insurer's deduction for betterment is prohibited in third party tort actions, pursuant to La. C. C. art. 2315. We reverse the decision of the trial court and find Old American Indemnity Company did act in bad faith and is therefore liable for a penalty in the amount of $5,000, pursuant to La. R.S. 22:1892(I). We affirm the evidentiary rulings of the trial court

15

admitting the deposition testimony of Rogers and Staley.  Costs are assessed

to Old American Indemnity Company.

**REVERSED IN PART; AFFIRMED IN PART.**